**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JASON G. BLEDSOE, et al.,

                Plaintiffs,

v.                                      CIVIL ACTION NO.  5:11-cv-00464

BROOKS RUN MINING COMPANY, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiffs' Motion to Remand* (Document 12) and *Defendant Chris Daniels' Motion to Dismiss* (Document 7). After careful consideration of the supporting memoranda and all written submissions relative thereto, the Court grants Plaintiff's Motion to Remand and terminates as moot Defendant Daniel's Motion to Dismiss.[1]

**I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On February 16, 2011, Plaintiffs, Jason G. Bledsoe and Chasity Bledsoe, filed this action in the Circuit Court of Wyoming County, West Virginia, against Defendants Brooks Run Mining Company, LLC, Alpha Natural Resources, Inc., and Chris Daniels.[2]  Plaintiffs are both residents of Mingo County, West Virginia. (Compl. ¶¶ 1,2.)  Plaintiffs allege that Defendant Brooks Run Mining Company, LLC ("Brooks Run"), is a Delaware corporation with a principal place of

---

[1] In light of the Court's order remanding this case to the Circuit Court of Wyoming County, West Virginia, the Court does not have subject matter jurisdiction to address Defendant Chris Bledsoe's motion to dismiss.
[2] Alpha Natural Resources, Inc., has been dismissed with prejudice as a defendant by an order entered August 30, 2011.  (Document 23)

business in West Virginia.[3] (Compl. ¶ 3.) Defendant Chris Daniels is a resident of West Virginia and employee of Brooks Run. (Document 1 ¶ 11.)

At the time of the incident giving rise to the action, Plaintiff Jason Bledsoe was employed by Defendant Brooks Run at the Wyoming No. 2 mine located in Wyoming County, West Virginia.  On or about February 17, 2009, Plaintiff was injured "when the defendants allowed a continuous mining machine to mine through the rib into the section where he was working causing him to be severely injured." (Document 13 at 2.)  Plaintiff Jason Bledsoe's suit asserts a cause of action against both remaining Defendants for a "deliberate intent" workplace injury pursuant to W. Va. Code § 23-4-2 et seq., as well as a derivative claim by Plaintiff Chasity Bledsoe for loss of spousal consortium. (Compl. Counts I, II, IV.)

On July 1, 2011, Defendants timely removed this action to this Court pursuant to 28 U.S.C. § 1441.  Defendants assert jurisdiction is proper in this Court under 28 U.S.C. § 1332 based on complete diversity of citizenship with an amount in controversy that exceeds $75,000. (Document 1 ¶ 6.) On July 8, 2011, Defendant Chris Daniels filed his motion to dismiss. (Document 7)  Pursuant to 28 U.S.C. § 1447(c), Plaintiffs timely filed their motion to remand on July 29, 2011. (Document 12)

## II.   APPLICABLE LAW AND ANALYSIS

### A.  Fraudulent Joinder Standard

This Court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1)

---

[3] Plaintiffs argue that Brooks Run is a Delaware limited liability company with its principal place of business in West Virginia, which makes Brooks Run a resident of West Virginia for diversity purposes. However, a limited liability company, unlike a corporation, takes the citizenship of its corporate members. *General Technology Applications, Incorporated v. Exro LTDA.*, 388 F.3d 114, 120 (4th Cir. 2004). Brooks Run's members are not residents of West Virginia. Accordingly, to the extent Plaintiffs motion to remand relies on Brooks Run being a resident of West Virginia, it is denied.

(2006).  Generally, every defendant must be a citizen of a state different from every plaintiff for complete jurisdiction to exist. However, the Court can disregard the citizenship of a party that is "fraudulently joined" when determining if complete diversity exists.  *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232-233 (4th Cir. 1993). The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  In order to show that a non-diverse party has been fraudulently joined, "the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. at 464.  Moreover, the party that asserts fraudulent joinder "bears a heavy burden-it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 423 (4th Cir.1999).  Plaintiff need only have a "slight possibility of a right to relief" against a non-diverse defendant for jurisdiction to be improper in federal court. *Id.* at 426. If a court "identifies [a] glimmer of hope for the plaintiff['s claim], [then] the jurisdictional inquiry ends." *Id*.  Lastly, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Mayes,* 198 F.3d at 464.

## B.  West Virginia Deliberate Intent Statute

West Virginia's Worker's Compensation statutory scheme grants immunity to employers and "person[s] against whom liability is asserted" for injuries or illnesses suffered on the job. W.Va. Code §§ 23-2-6 & 23-2-6a (2011). This immunity is extended to "every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the

employer's business and does not inflict an injury with deliberate intention." W. Va. Code § 23-2-6a (2011). However, this immunity is not absolute. The immunity from suit under §§ 23-2-6 and 23-2-6a "may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention'." W. Va. Code § 23-4-2(d)(2) (2011).

Deliberate intent may be established independently by each of the two subsections of § 23-4-2(d)(2). *Coleman Est. v. R.M. Logging, Inc.*, 700 S.E.2d 168 (W. Va. 2010) (citing Syl. Pt. 1, *Mayles v. Shoney's, Inc.*, 405 S.E.2d 15 (W. Va. 1990)). West Virginia Code § 23-4-2(d)(2)(i) requires proof that "the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." *Tolliver v. Kroger Co.,* 498 S.E.2d 702 (W. Va. 1997). It appears Plaintiff concedes that this type of deliberate intent action does not apply to his claim.

Under W. Va. Code § 23-4-2(d)(2)(ii), a plaintiff may establish a prima facie case for deliberate intent by proving five elements: (A) that an unsafe working condition that presented a high degree of risk of serious injury or death existed at the workplace; (B) that the employer actually knew of  it; (C) that the unsafe working condition or hazard was a federal or state safety violation; (D) that the employer intentionally subjected the plaintiff to the unsafe working condition in spite of the knowledge of the danger; and (E) that the plaintiff suffered a serious injury as a result of the unsafe working condition. W. Va. Code § 23-4-2(d)(2)(ii); *See Coleman*, 700 S.E.2d at syl. pt. 6. (holding that "[t]o establish that an employer has acted with deliberate intention, no higher burden of proof exists beyond those five requirements set forth in W. Va. Code § 23–4–2(d)(2)(ii)").

The issue before the Court is the difference between the language under § 23-4-2(d)(2)(i) and § 23-4-2(d)(2)(ii), which has not been addressed by the West Virginia Supreme Court of

4

Appeals. Section 23-4-2(d)(2)(i) refers to "the employer or person against whom liability is asserted," while § 23-4-2(d)(2)(ii) refers repeatedly to just the "employer."  Defendants assert that Chris Daniels was fraudulently joined because § 23-4-2(d)(2)(ii) only "references the 'employer,' and it has been held that only the actual employer, not individuals, may be sued under this provision." (Document 19 at 8.) (citing *Evans v. CDX Services, LLC*, 528 F. Supp.2d. 599 (S.D. W.Va. 2007)).  In *Evans*, the Court held that "co-employees are not subject to suit under § 23-4-2(d)(2)(ii) because that subsection only provides for actions against employers." *Evans*, 528 F.Supp.2d at 605.

Plaintiff cites numerous federal and state courts that have rejected the holding of *Evans*. *See Williams v. Harsco Corp.*, 2011 WL 3035272, (N.D. W.Va. July 22, 2011); *Hoffman v. Consolidation Coal*, 2010 WL 4968266 (N.D. W.Va. Dec. 01, 2010); *Anderson v. Am Electric Power Svc. Corp.*, Civil Action No. 06-C-770 (Kanawha C. W.Va. Cir. Apr. 10, 2007); *Knight v. Baker Material Handling Corp.*, Civil Action No. 01-C-39-1 (Harrison C. W.Va. Cir. Ct. Sept. 26, 2001); *Weekly v. Olin Corp.*, 681 F. Supp. 346 (N.D. W.Va. 1987); *but see Hager v. Cowin & Company Inc.,* 2011 WL 2175075 (S.D. W.Va. June 3, 2011); *King v. Sears Roebuck & Company,* 2011 WL 672065(S.D. W.Va. February 14, 2011); *Furrow v. Arch Coal, Inc., et al.,* Civil Action No. 09-C-152 (Mingo C. W.Va. Cir. Oct. 7, 2009).  In *Williams*, the Honorable Judge Irene Keeley concluded that a debatable point of state law remains unresolved by the West Virginia Supreme Court of Appeals as to whether § 23-4-2(d)(2)(ii) allows for a cause of action against a fellow employee. *Williams*, 2011 WL 3035272 at *3.  In *Williams*, the Court examined the *Anderson* decision which put an emphasis on the introductory language of Section 23-4-2(d)(2), which provides that immunity from suit "may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention'."  In *Anderson*, the court held

that the introductory provision suggests that the statutory immunity of employers and other persons is identical, which means employers and employees would both be subject to deliberate intent actions under Section 23-4-2(d)(2)(ii).  In light of the state court decisions upholding a § 23-4-2(d)(2)(ii) claim against a co-employee, Judge Keeley remanded the case.  She concluded that a real possibility existed that the plaintiff could prevail on his state law claim. *Williams*, 2011 WL 3035272 at *3.  Moreover, the Honorable Chief Judge Joseph Goodwin concluded that it is "possible that the introductory language [§ 23-4-2(d)(2)] could be interpreted to apply to both types of deliberate intent, even though the description of the second type of deliberate intent lacks the 'or person against whom liability is asserted' language." *Burch v. Monarch Rubber Co.*, Civil Action No. 2:06-CV-760 (S.D. W. Va. Dec. 8, 2006).

As discussed *supra*, the Court must decide if there is a possibility that Plaintiffs can establish a cause of action against the allegedly fraudulently joined party and whether a "glimmer of hope" exists for Plaintiffs' claim against Mr. Daniels.  On a motion to remand, "all legal uncertainties are to be resolved in the plaintiff's favor." *Hartley*, 187 F.3d at 425. After consideration of the unresolved question of state law and the differing state circuit court decisions on whether a co-employee can be sued under Section 23-4-2(d)(2)(ii), the Court finds that Plaintiffs have a real possibility and a "glimmer of hope" to establish a cause of action against Chris Daniels, a non-diverse Defendant.  Accordingly, the Court finds Mr. Daniels was not fraudulently joined as a defendant in this action. Since Mr. Daniels is a West Virginia resident, the Court finds complete diversity does not exist. Thus, this Court does not have jurisdiction under 28 U.S.C. § 1332.  Accordingly, the Court remands this action to the Circuit Court of Wyoming County, West Virginia.

### III.     CONCLUSION

WHEREFORE, as discussed herein, the Court **ORDERS** that *Plaintiffs' Motion to Remand* (Document 12) be **GRANTED,** and that this case be **REMANDED** to the Circuit Court of Wyoming County, West Virginia.

The Court further **ORDERS** that *Defendant Chris Daniels' Motion to Dismiss* (Document 7) and any motions pending at the time of this remand be **TERMINATED  in this Court** as **MOOT and held for consideration by the Circuit Court of Wyoming County, West Virginia.**  Finally, the Court **ORDERS** that the Clerk **REMOVE** this matter from the Court's Docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to the Clerk of the Circuit Court of Wyoming County, West Virginia.

ENTER:        November 4, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA